```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROSEMARY IDA MERGENTHALER,

            Plaintiff-Appellant,             ORDER
                                             15-CV-05078(JS)
                                             16-CV-4390(JS)
       -against-

KENNETH R. BARNARD, UNITED STATES
TRUSTEE, DEAN OSEKAVAGE, and
MARK CUTHBERTSON,

            Defendant-Appellees.
----------------------------------------X
SEYBERT, District Judge:
```

Pending before the Court is a motion filed by creditor Dean Osekavage d/b/a Pathfinders USA as assignee of Judith Wetzstein ("Osekavage") seeking to prohibit Debtor Rosemary Mergenthaler from filing any further actions or appeals before the Court without first obtaining written permission to do so. (Docket Entry 25.) For the reasons that follow, Osekavage's motion is GRANTED.

The Court assumes familiarity with the history of this case, which is discussed in the Court's prior orders. Briefly, Rosemary and Peter Mergenthaler (the "Debtors") collectively filed ten bankruptcy appeals before this Court during the last two years in an effort to prevent their property, located at 3 Wood Edge Court, Water Mill, New York (the "Property") from being sold to

satisfy a lien held by Osekavage.[1]  In addition, the Court issued several opinions addressing the Mergenthalers' appeals, each time finding the Debtors' arguments to be meritless.  See, e.g., Mergenthaler v. Barnard, No. 15-CV-05078(JS), 2016 WL 3080808, at *1 (E.D.N.Y. May 27, 2016); Mergenthaler v. Thaler, No. 15-CV-2034 (E.D.N.Y April 29, 2015).

On April 25, 2016, Osekavage filed the pending motion by Order to Show Cause, asserting that he has been trying to sell the Mergenthalers' Property since August 2014, but that the Mergenthalers continue to bring vexatious actions to prevent him from doing so.  (See Levine Decl., Docket Entry 25-1, ¶ 5.)  As a result of the Mergenthalers' conduct in bankruptcy court, Judge Grossman issued an order enjoining Rosemary Mergenthaler from submitting any further filings without first obtaining written permission from the bankruptcycourt.  (See May 5, 2016 Order, Bankr. Case No. 15-72040, Docket Entry 165.)

On July 25, 2016, the Court signed Osekavage's proposed Order to Show Cause, temporarily barring Rosemary Mergenthaler from filing "any further motions or appeals in this Court" related to her Property pending a hearing on the motion.  (Docket Entry 28.)  However, in contravention of the Court's Order, Rosemary

---

[1] The actions filed by the Mergenthalers bear the following case numbers: 15-CV-2031, 15-CV-2034, 15-CV-02032, 15-CV-02033, 15-CV-5078, 15-CV-7301, 16-CV-1113, 26-CV-3466, and 16-CV-4390.

Mergenthaler filed an additional bankruptcy appeal on August 5, 2016, bearing Case Number 16-CV-4390. The Court held oral argument on Osekavage's motion on August 12, 2016, however, Rosemary Mergenthaler did not attend the hearing. Instead her husband informed the Court by phone on the day of the hearing that she was not feeling well. During the hearing, however, the attorneys present informed the Court that Rosemary Mergenthaler has not voluntarily appeared for any of the approximately 20-30 hearings and appearances held in her underlying bankruptcy case.

## DISCUSSION

In rare cases, federal district courts within the Second Circuit have issued injunctions barring litigants from filing additional actions without express permission from the Court. The Second Circuit has explained that:

> the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); see also Malley v. N.Y. City Bd. of Educ., No. 94-CV-7186, 1997 WL 570501, at *1 (S.D.N.Y. Sept. 15, 1997) (issuing an injunction barring a pro se litigant from filing further actions because of "Plaintiff's history of abusing the process of this and other courts by repeatedly filing actions based on the same allegations").

The record before the Court shows that the Mergenthalers have filed numerous vexatious cases in this Court in an effort to delay the sale of her Property. The Mergenthalers have filed ten similar bankruptcy appeals before this Court, none which have been meritorious. In addition, the Mergenthalers have a history of filing meritless motions in bankruptcy court and were barred from filing further motions in that court without permission from Judge Grossman. Finally, when the undersigned temporarily barred Rosemary Mergenthaler from filing any additional bankruptcy appeals pending a hearing, she nevertheless filed an appeal days later, and then did not attend the hearing to discuss Osekavage's Order to Show Cause. Based upon these facts, the Court finds that it is appropriate to issue an order preventing Rosemary Mergenthaler from filing further cases, motions, or appeals before the undersigned absent permission.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Rosemary Mergenthaler is barred from filing any additional cases, motions, or appeals concerning the assets in her bankruptcy estate before this Court without first obtaining written permission from the Court. In addition, Rosemary Mergenthaler's most recent bankruptcy appeal, Case Number 16-CV-4390 is DISMISSED because it was filed in contravention of the Court's July 25, 2016 Order. The Clerk of the Court is directed file this Order on the docket in Case No. 16-CV-4390 and mark that case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  21 , 2016
       Central Islip, New York